UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80830-CIV-MIDDLEBROOKS/JOHNSON

GEORGE A. TEACHERSON,
a Natural Individual,

        Plaintiff,

v.

INTERNAL REVENUE SERVICE,

        Defendant.

_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE

THIS CAUSE is before the Court upon Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (DE 13) ("Motion"), filed on September 19, 2011. In his Motion, Plaintiff seeks leave to file his Third Amended Complaint (DE 12), which he also filed on September 19, 2011. I have previously denied three of Plaintiff's Motions for Summary Judgment (DE 4, 8, 10) and granted Plaintiff the opportunity to file two Amended Complaints (DE 5, 11). I have carefully reviewed Plaintiff's Motion, liberally construing his Amended Complaint in accordance with *Tannenbaum v. United States*, and am otherwise fully advised in the premises. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).[1]

**I. Motion to Proceed *In Forma Pauperis* and Dismissal of Amended Complaint**

---

[1] The Eleventh Circuit stated in *Tannenbaum* that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Plaintiff requests the Court's permission to proceed *in forma pauperis* ("IFP") in this proceeding. The Court's authority for granting Plaintiff's motion for IFP is found at 28 U.S.C. § 1915, which provides:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). "The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). When considering an IFP motion filed pursuant to Section 1915, a district court must determine whether the litigant satisfies the requirement of indigency and is unable to pay the required costs to commence the action. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Id.* If the court, however, determines that the allegations of poverty are untrue, or if the action is frivolous or fails to state a claim on which relief may be granted, the court must dismiss the case. 28 U.S.C. §§ 1915(e)(2)(A) & 1915(e)(2)(B)(i)-(ii); *see also, Martinez*, 364 F.3d at 1308; *see also, Attwood*, 105 F.3d at 613.

I find that Plaintiff's Amended Complaint (DE 12) fails to state a claim upon which relief may be granted and must be dismissed with prejudice. In evaluating whether a claim should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, a court applies the same standard that governs dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*,

112 F.3d 1483, 1490 (11th Cir. 1997). Accordingly, the court must accept the allegations in the complaint as true and construe the allegations in the light most favorable to the plaintiff. *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). While a plaintiff does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

Liberally construing the Amended Complaint, it appears Plaintiff alleges the following six claims against the Internal Revenue Service ("IRS").[1]

> 1. *Plaintiff argues that the IRS violated the Due Process Clause of the Fifth Amendment because he was entitled to, but never granted, an IRS Administrative Appeal.*

Plaintiff alleges that he was entitled to and applied for an administrative appeal but the IRS failed to grant him one. (DE 12 at 9).[2] Plaintiff claims the argument he wished to raise during his administrative appeal was "primarily based upon the definition of 'Persons' found in Title 26, Chapter 79." (DE 12 at 9). However, the IRS limits the type of claims a taxpayer can raise during an administrative appeal; for example, the IRS states that "[a]ppeals can not consider your reasons for not agreeing [with the IRS's assessment] if they don't come within the scope of the tax laws (for example, if you disagree solely on moral, religious, political, *constitutional*, conscientious, or similar

---

[1] Plaintiff in his Third Amended Complaint actually asserts nine claims against the IRS; however, some of these claims are duplicative.

[2] Plaintiff refers to an "Exhibit 4" that shows he was entitled to an administrative appeal; however, there is no "Exhibit 4" attached to his Amended Complaint. (DE 12 at 9). Plaintiff only attached an Exhibit 1 and an Exhibit 7 to his Amended Complaint; however, he refers to other exhibits throughout his Amended Complaint.

3

grounds)." I.R.S. Publication 5 (Rev. 01-1999). (emphasis added). Plaintiff's own factual allegation that "Defendant refused [Plaintiff an] appeal[]" because "[D]efendant considers Plaintiff a 'tax protestor'" (DE 12 at 9) demonstrates that Plaintiff was not in fact entitled to an administrative appeal. *See, e.g., Trowbridge v. Dep't of Treasury*, 54 Fed. Appx. 592, 592 (5th Cir. 2002) (holding that an individual has not demonstrated he has a clear right to an administrative appeal when he raises a claim that falls outside the scope of the tax laws).

Next, Plaintiff alleges that the IRS's failure to permit him to participate in an administrative appeal violated the Equal Protection Clause of the Fourteenth Amendment; however, the Fourteenth Amendment solely applies to state actors and state action. *See* U.S. Const. amend. XIV; *see also, Shell v. U.S. Dept. of Hous. and Urban Dev.*, 355 Fed. Appx. 300, 307 (11th Cir. 2009) (holding that plaintiff cannot show defendants violated the Fourteenth Amendment because the Fourteenth Amendment only applies to state actors and defendants are a federal agency and a federal employee).

Finally, Plaintiff claims the IRS violated his right to free speech and his right to petition, guaranteed to him by the First Amendment, by failing to grant him an administrative appeal. The First Amendment guarantees that "Congress shall make no law . . . abridging the freedom of speech . . . or the right . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff states the IRS violated his First Amendment rights by denying him an administrative appeal. In fact, Plaintiff's factual allegations support the fact that the IRS allowed him to petition his claim because Plaintiff states that he participated in a trial against the IRS (DE 12 at 10). Also, Plaintiff's factual allegations establish that the IRS has not limited his ability to express his views because he states he has been in contact with the IRS (DE 12 at 15) and that the IRS has responded to one of his correspondences as recently as August 19, 2011 (DE 12 at 63). *See e.g., Am. Commc'ns Ass'n, C.I.O. v. Douds*, 339 U.S. 382, 412 (1950) (holding that the First Amendment "requires that one be

permitted to believe what he will" and "advocate what he will unless there is a clear and present danger that a substantial public evil will result therefrom").

    *2. Plaintiff argues the IRS violated the Due Process Clause of the Fifth Amendment by making Plaintiff pay taxes because he did not volunteer to pay taxes.*

Plaintiff alleges that the IRS's authority to levy is limited solely to an individual who volunteers to pay taxes. (*See, e.g.*, DE 12 at 4-5). Plaintiff's assertion that one must volunteer to pay income taxes lacks any legal basis because it is clear that the payment of income taxes is not voluntary. *See, e.g., United States v. Gerads*, 999 F.2d 1255, 1256 (8th Cir. 1993) (per curiam); *Wilcox v. Comm'r of Internal Revenue*, 848 F.2d 1007, 1008 (9th Cir.1988). The assertion that the filing of an income tax return is voluntary is, likewise, legally incorrect. *See* 26 U.S.C. § 6012(a)(1)(A) ("[E]very individual who earns a threshold level of income *must* file a tax return.") (emphasis added). Aside from being mandatory, if an individual fails to file his income tax return he may be subject to criminal penalties. *See* 26 U.S.C. § 7203.

    *3. Plaintiff argues the IRS exceeded its authority by placing a levy on his property.*

Pursuant to 26 U.S.C. § 6331(a)[7] [hereinafter Section 6331(a)]), the IRS has the authority to levy Plaintiff's property, so long as he is liable for an unpaid tax, and has neglected or refused to pay that tax within ten days after receiving notice and demand. *See* 26 U.S.C. § 6331(a). Plaintiff's only argument in support of this allegation is that the IRS cannot levy his property because he is not a "person" within the meaning of Section 6331(a) because he did not volunteer to pay taxes. (DE 12).

---

[7] By way of background, the United States Supreme Court has explained that,

> "[t]he Internal Revenue Code's levy and seizure provisions, 26 U.S.C. §§ 6331 and 6332, are special procedural devices available to the IRS to protect and satisfy its liens, and are analogous to the remedies available to private secured creditors. They are provisional remedies that do not determine the Service's rights to the seized property, but merely bring the property into the Service's legal custody."

*United States v. Whiting Pools, Inc.*, 462 U.S. 198, 210-11 (1983).

Again, as discussed previously, Plaintiff's assertion that an individual must volunteer to pay taxes is meritless.

Plaintiff bases his claim that he is not a "person" upon the fact that he is not an "officer, employee, or elected official, of the United States, the District of Columbia or any agency or instrumentality of the United States or the District of Columbia." (DE 12 at 19, 22-27); 26 U.S.C. § 6331(a). Plaintiff offers no legal authority to support this proposition. Additionally, Plaintiff ignores the beginning of Section 6331(a), which reads as follows:

> If *any person* liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property . . . belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

26 U.S.C. § 6331(a) (emphasis added). Section 6331(a) is unambiguous, and "[w]hen the words of a statute are unambiguous, then, this first canon [of statutory construction] is also the last: judicial inquiry is complete." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) (internal quotation marks omitted). The statute clearly states that the Secretary of Treasury has the authority to levy against any person liable to pay taxes. 26 U.S.C. § 6331(a). Plaintiff is a "person" under Section 6331(a) because he is liable for unpaid taxes and was assessed for his failure to pay said taxes. Moreover, Plaintiff himself alleges that the Tax Court ruled that he was liable for unpaid taxes. (DE 12 at 10).

While Plaintiff is correct that Section 6331(a) continues on to say that the IRS *may* levy "the accrued salary or wages of any officer, employee, or elected official, of the United States, or the District of Columbia," this provision does not limit whom the IRS may levy, but rather establishes a vehicle by which the IRS may pursue unpaid taxes against certain individuals. 26 U.S.C. § 6331(a). Plaintiff's argument contradicts clear statutory authority, which permits the IRS to collect taxes

imposed by the Internal Revenue Code. Additionally, Plaintiff neglects to make any other argument challenging either his liability for any unpaid tax or his compliance with the IRS's Notice and Demand of Levy.

*4. Plaintiff argues that the IRS violated the Ninth Amendment by issuing a levy against Plaintiff's property because a levy would "eat out Plaintiff's substance."*

Plaintiff argues that by placing a levy on Plaintiff's property that his Ninth Amendment right would be violated. (DE 12 at 1, 10). Plaintiff fails to provide any legal basis supporting this argument. Additionally, the Sixteenth Amendment of the Constitution grants Congress "the power to lay and collect taxes on income, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. Const. amend. XVI. Additionally, as earlier stated, the IRS has the authority to collect taxes pursuant to 26 U.S.C § 6301 by enforcing a levy against a taxpayer who neglects or fails to pay a tax within 10 days after the IRS issues a notice and demand of levy. The Secretary can even levy an individual's property *before* the 10-day grace period expires if the Secretary finds that the "collection of such tax is in jeopardy." 26 U.S.C. 6331(a).

*5. Plaintiff argues that the IRS arbitrarily fined him*

Plaintiff alleges, that the IRS is exceeding its authority by imposing an "arbitrary fine of $5,000,00." (DE 12 at 8). As has already been discussed, the IRS is within its authority under 26 U.S.C. § 6331(a) to place a levy on Plaintiff's property, so long as he has refused to pay an unpaid tax within ten days after receiving notice and demand. Pursuant to its levy authority under Section § 6331(a), the IRS has the authority to impose a fine against Plaintiff for refusing to pay his taxes. Plaintiff also alleges that this fine is impermissible because he did not volunteer to pay taxes (DE 12 at 8); however, as previously discussed, Plaintiff can be liable for taxes regardless of whether he volunteers for them.

*6. Plaintiff alleges that the IRS frightened him by sending a notice of a Criminal Investigation*

7

Plaintiff alleges the IRS caused him to suffer when it sent him notice that the IRS was initiating a criminal investigation against him. (DE 12 at 9). Plaintiff fails to attach this notice or explain what it pertains to; however, the IRS has the authority to "cause officers or employees of the Treasury Department to proceed, from time to time, through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax . . . ." 26 U.S.C. § 7609(a). Plaintiff claims that the "IRS is guilty of negligent infliction of emotion distress" for making him pay taxes and initiating this investigation against him. (DE 12 at 14-16). Based upon the facts of this case, in order for Plaintiff to successfully allege a negligent infliction of emotion distress claim under Florida law, he must show that he suffered an impact. *See Southern Baptist Hosp. of Fla. v. Welker*, 908 So. 2d 317, 320 (Fla. 2005) ("The impact rule . . . requires that before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact."). The only factual allegation that Plaintiff offers in support of his negligent infliction of emotional distress claim is that he received a notice from the IRS stating it was initiating a criminal investigation against him, which is insufficient to establish he suffered a physical impact.

II.     **Conclusion**

While I am deeply sympathetic to Plaintiff's situation in these troubled economic times, Plaintiff has not shown any legal arguments or facts that permit this Court to grant his Motion to Proceed *In Forma Pauperis*. *See Twombly*, 550 U.S. at 555. As I am bound to follow Eleventh Circuit law, I am compelled to dismiss with prejudice Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, and accordingly deny Plaintiff's IFP Motion. Because this is Plaintiff's Third Amended Complaint and I have already afforded him the opportunity to re-file twice, I am dismissing his claims with prejudice.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Proceed *In Forma Pauperis* (DE 13) is **DENIED WITH PREJUDICE**;

2. All pending motions are **DENIED AS MOOT**;

3. Plaintiff's Amended Complaint in this case is **DISMISSED WITH PREJUDICE**; and

4. The Clerk of Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 7 day of October, 2011.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record;

George A. Teacherson, *pro se*
103 Conaskonk Circle
Royal Palm Beach, FL 33411